SNYDER v. STARK COUNTY BOARD OF COMMISSIONERS.

Ohio Appeals, 5th Dist., Stark Co.

No. 865. Decided Oct. 17, 1927.

**First Publication of this Opinion.**

Judges Richards, Williams and Lloyd of the 6th District sitting.

93. APPROPRIATION PROCEEDINGS— 1053. Roads and Highways—Section 6894-7 GC. is mandatory, with respect to issues to be submitted to jury, findings which verdict of jury shall include, and character of judgment to be entered by court.

Appeal from Probate Court.
Affirmed by Common Plaes.
Error to Common Pleas.
Judgment reversed.

Lynch, Day, Fimple & Lynch, Canton, for Snyder.

Henry W. Harter, Jr., Pros. Atty., Canton, for Bd. of Commissioners.

LLOYD, J.

The Board of Commissioners of Stark County passed the necessary legislation to improve a highway, designated as the Canton-New Franklin Inter-county highway. This improvement, as planned, required the appropriation of about one-quarter of an acre of a farm owned by A. Talmadge Snyder.

Mr Snyder, being dissatisfied with the findings and orders of the commissioners, filed notice of his appeal to: 1. The compensation for land appropriated; 2. The damages claimed to property affected by the improvement; and 3. The order establishing the proposed improvement.

Thereafter, an appeal bond having been given and approved, the cause was docketed in the probate court. A jury was summoned and impanelled in that court and a trial had of the issues involved.

Upon the verdict returned, which verdict related only to the amount of compensation awarded Snyder, judgment was entered by the Probate Court. Error proceedings were prosecuted therefrom to the Court of Common Pleas,

where the judgment was affirmed. By these proceedings in error it is sought to reverse that judgment.

It is contended that the trial judge failed to submit to the jury all of the issues required by law to be submitted and that the jury failed to include, in its verdict, one of the findings made mandatory by statute, and also that the court erred in overruling the motion of plaintiff in error, for a new trial.

Proceedings had before the Board of County Commissioners and the proceedings on appeal in the probate court are statutory. No pleadings are authorized to be filed in the probate court by any of the interested parties. What the issues shall be and what findings the verdict shall include are definitely fixed by 6894-7 GC. This section provides, "* * * the jury shall find and return a verdict separately upon each claim for compensation and damages * * * jury shall also determine, in their verdict, whether the improvement petitioned for, or granted, will be conducive to the public convenience and welfare, if an order establishing the proposed improvement or dismissing or refusing to grant the prayer of the petition be appealed from. * * *"

The trial judge, in his charge to the jury and by the form of the verdict submitted, presented to the jury but one of the issues mentioned in this section, that of compensation and damages, and ignored entirely the issue of "whether the improvement petitioned for or granted will be conducive to the public's convenience and welfare." Sec. 6894-6 GC. provides that "the parties shall offer their evidence to the jury upon the matters appealed from," and that "the rules of law and procedure governing civil cases in the common pleas court shall apply to the trial of the cause in the probate court," and, as will have been observed, 6894-7 provides that "at the conclusion of the trial" certain specified questions shall be submitted to the jury and certain specific finding shall be made by the jury.

An appeal having been taken from all the proceedings had before, and the orders made therein by the defendant in error, the statute is mandatory with respect to the issues to be submitted to the jury, the findings which the verdict of the jury shall include and the character of the judgment to be entered thereon by the court.

A majority of the court being of the opinion that the statute does not authorize or permit separate trials of the issues involved, but requires that all should be submitted together under proper instructions from the court, the judgment is reversed, and the cause remanded for further proceedings.

(Richards, J., concurs.)

WILLIAMS, J.

I concur in the reversal of the judgment of the courts below upon the ground that the judgment in the probate court was prematurely entered in that there had been no finding for or against the improvement under 6894-7 GC., but am of the opinion that the verdict of the jury finding the amount due for land to be taken for road improvement should not be set aside because it is not erroneous for any reasons as to the issues submitted, and that the case should be remanded with directions to the trial court to submit to the determination of a jury, whether or not the improvement petitioned for will be conducive to the public convenience and welfare.